UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWNDETTA CORNETTA TAMOU MILLER,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>SHAWNDETTA MILLER, *et al.*,<br><br>　　　　　　　　　Defendants. | **ORDER TO SHOW CAUSE**<br>23-CV-06069 (HG) (TAM) |

**HECTOR GONZALEZ**, United States District Judge:

　　　　Plaintiff is representing herself *pro se* and has asserted both federal and state law claims against several Defendants, including herself, arising from events that led to the foreclosure of a property that Plaintiff owned in Queens County. ECF No. 7. Although Plaintiff has paid the District's filing fee to commence this case, the Court has nevertheless reviewed Plaintiff's amended complaint *sua sponte* to assess the merits of her claims. For the reasons set forth below, the Court concludes that Plaintiff's federal law claims lack merit and that it will not exercise jurisdiction over her state law claims. Plaintiff shall file a submission no longer than 20 pages on or before December 28, 2023, explaining why Plaintiff's claims should not be dismissed for the reasons further described in this order. If Plaintiff fails to file by that date a submission that explains why her claims are meritorious, then the Court will dismiss Plaintiff's federal law claims with prejudice and her state law claims without prejudice—without providing Plaintiff further notice or opportunity to be heard.

## PROCEDURAL HISTORY

　　　　Plaintiff is representing herself *pro se*, and she previously applied for permission to litigate this case *in forma pauperis* without paying the District's filing fee. ECF Nos. 1, 2. The

Court denied that request because Plaintiff's application did not provide any meaningful information about her financial status. ECF No. 5. Plaintiff responded by paying the District's filing fee within the time allowed by the Court's order. ECF No. 6. Plaintiff also filed an amended complaint, as she was permitted to do because she had not yet served her initial complaint on Defendants. ECF No. 7; *see* Fed. R. Civ. P. 15(a)(1)(A) (authorizing plaintiffs to amend a complaint once without court permission "no later than . . . 21 days after serving it"). Plaintiff has recently filed proof of service on Defendants of her amended complaint and a summons, but Defendants have yet to appear. ECF Nos. 9, 10.

## FACTUAL BACKGROUND

Plaintiff is currently a defendant in a separate state court action, in which U.S. Bank National Association sought to foreclose on a property that Plaintiff owned in Queens because she defaulted on her mortgage in 2017. *U.S. Bank, N.A. v. Miller*, No. 715191/2017 (N.Y. Sup. Ct. Queens Cty. filed Nov. 1, 2017) (NYSCEF No. 2).[1] Plaintiff obtained a mortgage on that property in 2006 from a financial institution that is not a party to the case pending in this Court. *Id.* at 17–47.[2] At one point, that mortgage was serviced by JPMorgan Chase Bank National

---

[1] The Court may take judicial notice of dockets from other courts' proceedings because they are public records, including when deciding whether to dismiss a complaint. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

[2] The information about Plaintiff's mortgage loan described in this paragraph is based on documents that were filed in the state court foreclosure action that were retrieved from the City of New York's Automated City Register Information System website ("ACRIS"). In addition to taking judicial notice of documents from state court dockets, the Court may also take judicial notice of "documents from official government websites." *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 191 n.4 (2d Cir. 2023). Multiple district courts within the Second Circuit have held that property records made available on ACRIS are therefore subject to judicial notice and can be relied on when dismissing a plaintiff's complaint. *See, e.g.*, *Fawn Second Ave. LLC v. First Am. Title Ins. Co.*, 610 F. Supp. 3d 621, 628, 633 (S.D.N.Y. 2022) (taking judicial notice of ACRIS records because "New York County's real property records" were "undoubtedly proper subjects of judicial notice" and dismissing complaint); *Stewart v. Loring Estates LLC*, No. 18-cv-2283, 2020 WL 3002363, at *10 (E.D.N.Y. Feb. 26, 2020), *report and recommendation adopted in full*,

Association. *Id.* at 53–58. In 2009, ownership of the mortgage was transferred to LaSalle Bank National Association, which acted as the trustee for investors in several types of mortgage-backed securities. *Id.* at 50–52. Plaintiff alleges that LaSalle Bank no longer exists and that U.S. Bank is the successor trustee for these mortgage-backed securities. ECF No. 7 ¶ 12. U.S. Bank obtained a foreclosure judgment against Plaintiff's property on November 30, 2022, and purchased the property at a referee's auction in June 2023, before Plaintiff commenced her federal lawsuit in this Court. *U.S. Bank*, No. 715191/2017 (NYSCEF Nos. 91, 98). Plaintiff is represented by counsel in that state court action and has filed a motion to vacate the judgment of foreclosure and the subsequent sale, which the state court appears to have not yet decided. *Id.* (NYSCEF Nos. 102, 103).

Plaintiff's *pro se* amended complaint in this case names several Defendants: U.S. Bank, JPMorgan Chase Bank National Association, JPMorgan Chase & Co., and unidentified John Doe Defendants. ECF No. 7 ¶¶ 8–17. Plaintiff says that the John Doe Defendants are parties who "claim some right, title, estate, lien, or interest in the real property" that is the subject of her mortgage and the state court foreclosure action. Plaintiff has also named herself as a Defendant—apparently as part of a sovereign citizen theory that her amended complaint does not explain. *Id.* ¶¶ 5–7.

Plaintiff's first cause of action seeks to quiet title, pursuant to New York state law, to the property at issue in the state court foreclosure action. ECF No. 7 ¶¶ 22–27. Plaintiff also claims that an unspecified group of the "Defendants" breached unidentified provisions of her loan

---

2020 WL 1231783 (E.D.N.Y. Mar. 13, 2020) (explaining that "the Court may take judicial notice of public documents available at the ACRIS website" and relying on those documents to dismiss *pro se* complaint).

3

documents by failing to arbitrate their disputes related to Plaintiff's mortgage. *Id.* ¶¶ 31–34. Neither of these claims identifies or suggests a federal cause of action.

However, Plaintiff's amended complaint does attempt to assert several expressly federal claims in addition to the state law claims described above. Plaintiff alleges that U.S. Bank and the unidentified John Doe Defendants committed "[d]ebt [c]ollection [v]iolations," which the Court interprets as a claim arising under the Fair Debt Collection Practices Act (the "FDCPA"). ECF No. 7 ¶¶ 40–42. She alleges that the same debt collection efforts resulted in Defendants "ma[king] false and fraudulent solicitations through the postal mail and by electronic wire," which the Court interprets as assertions that U.S. Bank and the John Doe Defendants committed mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. *Id.* ¶¶ 43–45. Plaintiff also alleges that U.S. Bank and the John Doe Defendants "made false claims" related to Plaintiff's mortgage debt, "using state actors," "under color of law," which the Court interprets as a claim arising under 42 U.S.C. § 1983 ("Section 1983"). *Id.* ¶¶ 35–39. Finally, Plaintiff asserts that both U.S. Bank and the JPMorgan Defendants committed unspecified violations of "the Trust Indenture Act of 1939." *Id.* ¶¶ 28–30.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations

---

[3] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

4

contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," along with any document for which "the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). Courts are also "permitted to consider matters of which judicial notice may be taken." *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020). Typically, "a *pro se* complaint should not be dismissed without granting leave to amend at least once" whenever the Court "cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020).

When a *pro se* litigant requests *in forma pauperis* status pursuant to 28 U.S.C. § 1915, the Court is required to "screen for and dismiss legally insufficient claims," *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), because that statute requires the Court to dismiss a complaint that "fails to state a claim on which relief may be granted," *see* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022) (reiterating that such dismissal is mandatory). But even if a *pro se* plaintiff "has paid the required filing fee"—as Plaintiff did

5

after the Court denied her *in forma pauperis* application—"district courts may dismiss a frivolous complaint *sua sponte*." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000); *see also Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-826-cv, 2023 WL 8015698, at *1 (2d Cir. Nov. 20, 2023) (affirming *sua sponte* dismissal of *pro se* complaint without prior notice to plaintiff and reiterating that "[a] district court has the inherent authority to dismiss a complaint *sua sponte*, even when the plaintiff has paid the filing fee, when it is clear that the claims are frivolous").

## DISCUSSION

Each of Plaintiff's federal law causes of action fails to state a claim for the reasons described below. Additionally, the Court cannot exercise diversity jurisdiction over Plaintiff's state law causes of action because the states of citizenship of Plaintiff and Defendants are not completely diverse. Nor is the Court inclined to exercise supplemental jurisdiction over Plaintiff's state law causes of action. However, when a plaintiff has paid the filing fee to commence a case, the Second Circuit disfavors district courts dismissing a complaint *sua sponte* without giving notice to the plaintiff. The Court will therefore permit Plaintiff to explain why her amended complaint should not be dismissed, without giving her another chance to amend, for the reasons described in this order.

### I.     Plaintiff's Federal Law Causes of Action Fail to State a Claim

Plaintiff's FDCPA claims against U.S. Bank and the John Doe Defendants are inadequately pled because Plaintiff's amended complaint does not allege circumstances demonstrating that any of these Defendants falls within the FDCPA's statutory definition of a "debt collector." *See* 15 U.S.C. § 1692a(6). "The FDCPA excludes from th[at] definition of debt collector 'any person collecting or attempting to collect any debt owed or due another to the

6

extent such activity concerns a debt which was not in default at the time it was obtained by such person.'" *Qurashi v. Ocwen Loan Servicing, LLC*, 760 F. App'x 66, 68 (2d Cir. 2019) (quoting 15 U.S.C. § 1692a(6)(F)). Accordingly, "[a] loan servicer acting on behalf of the owner of a debt obligation is not a debt collector unless it began its servicing duties after the loan entered default status." *Qurashi*, 760 F. App'x at 68 (affirming dismissal of FDCPA claim brought against mortgage servicer related to foreclosure proceedings because "the complaint [wa]s devoid of any allegations concerning [defendant's] role as a loan servicer and the status of [plaintiff's] loan at the time [defendant] began servicing it").

As in *Qurashi*, Plaintiff has failed to allege that she was already in default on her mortgage loan when the mortgage was assigned to U.S. Bank. *See* ECF No. 7. Furthermore, the information available from Plaintiff's state court foreclosure action suggests otherwise; those loan documents show that U.S. Bank received assignment of Plaintiff's mortgage in 2009 before Plaintiff's first alleged default in 2017. *See U.S. Bank, N.A. v. Miller*, No. 715191/2017 (N.Y. Sup. Ct. Queens Cty. filed Nov. 1, 2017) (NYSCEF No. 2). In addition to *Qurashi*, the Second Circuit has affirmed the dismissal of *pro se* FDCPA claims asserted against mortgage holders and servicers under similar circumstances. *See Johnson-Gellineau v. Stiene & Assocs., P.C.*, 837 F. App'x 8, 11 (2d Cir. 2020) (affirming dismissal of FDCPA claim against mortgage servicer "because the loan was not in default when [defendant] became a servicer to the mortgage"); *Walker v. Pitnell*, 860 F. App'x 210, 212 (2d Cir. 2021) (holding that plaintiff's conclusory allegation that mortgage servicer "was a debt collector, and not a creditor" was insufficient to state a FDCPA claim). And Plaintiff's amended complaint has made no effort at all to allege the identity of the John Doe Defendants or the role they played in U.S. Bank's allegedly unlawful debt collection efforts. *See* ECF No. 7.

Plaintiff's assertion that Defendants' allegedly unlawful debt collection practices violated federal criminal mail and wire fraud statutes also does not state a valid claim. These federal criminal laws do not provide private causes of action to civil litigants like Plaintiff. *See Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) (affirming dismissal of claims brought by *pro se* plaintiff related to mortgage foreclosure because "federal criminal mail and wire fraud statutes" did not "create . . . a private right of action"); *Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019) (holding that mortgage borrower "lack[ed] standing to raise civil claims under the criminal statutes he cite[d], which concern[ed] . . . securities and mail fraud").

Plaintiff's Section 1983 claims against U.S. Bank and the John Doe Defendants also fail. In order adequately to allege a Section 1983 claim, "a plaintiff must allege that . . . the defendant was a state actor, *i.e.*, acting under color of state law, when he committed the violation." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (affirming *sua sponte* dismissal of *pro se* plaintiff's Section 1983 claims against defendants who were not state actors). Plaintiff has done nothing to allege that the John Doe Defendants are state actors. *See* ECF No. 7. And U.S. Bank is a private entity that did not become a state actor simply by using the New York courts to foreclose on Plaintiff's property. *See Hariprasad*, 788 F. App'x at 787 (affirming dismissal of Section 1983 claim because plaintiff failed adequately to allege that private entities that foreclosed on his home "acted under color of state law"); *Costello v. Wells Fargo Bank, N.A.*, No. 22-1528-cv, 2023 WL 6380061, at *2 (2d Cir. Oct. 2, 2023) (affirming dismissal of Section 1983 claim because plaintiff failed adequately to allege that mortgage servicer that participated in his foreclosure proceeding engaged in "conduct [that] was fairly attributable to the state or cloaked in its authority").

Plaintiff's final federal claim under the Trust Indenture Act is also deficient. The Trust Indenture Act authorizes a buyer or seller of "a security issued under [an] indenture" covered by the Act to bring a private cause of action. 15 U.S.C. § 77www(a). But Plaintiff's amended complaint does not plead circumstances suggesting that she falls within the scope of the Act. *See* ECF No. 7. Although Plaintiff's mortgage may have been securitized to create financial instruments that were sold to other investors, Plaintiff is "a borrower, not an investor" and, therefore, "lacks standing to pursue a claim under th[e] [Trust Indenture] Act." *Huelbig v. Aurora Loan Servs., LLC*, No. 10-cv-6215, 2011 WL 4348281, at *8 (S.D.N.Y. May 18, 2011), *report and recommendation adopted in full*, 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011) (dismissing Trust Indenture Act claims that mortgage borrower asserted against mortgage lender and loan servicer); *see also Lobstein v. Wash. Mutual Mortg. Pass-Through Certificates WMALT Series 2007-OC1*, No. 20-55998-cv, 2021 WL 5405488, at *1 (9th Cir. Nov. 18, 2021) (affirming dismissal of Trust Indenture Act claims arising from mortgage foreclosure because plaintiff mortgage borrower "failed to allege that she purchased securities issued under an indenture").

## II. The Court Lacks Diversity Jurisdiction Over Plaintiff's State Law Causes of Action and Will Not Exercise Supplemental Jurisdiction Over Them

Since each of Plaintiff's federal law causes of action fails to state a claim, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action. Both the Supreme Court and the Second Circuit have instructed that "the elimination of federal-law claims prior to trial generally points to declining to exercise supplemental jurisdiction," but they have cautioned "that this principle 'does not establish a mandatory rule to be applied inflexibly in all cases.'" *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) (vacating decision by district

court that declined to exercise supplemental jurisdiction one week before trial). Declining supplemental jurisdiction is appropriate because this case is still at the pleadings stage—with Defendants having only recently been served—and the parties have not commenced any discovery. *See Costello*, 2023 WL 6380061, at *2 n.2 (holding that district court "did not abuse its discretion by declining to exercise supplemental jurisdiction over [plaintiff's] state law claims" after dismissing all federal law claims in dispute regarding mortgage foreclosure).

Plaintiff's amended complaint has not pled facts that would enable the Court separately to exercise diversity jurisdiction over her state law claims. To invoke diversity jurisdiction where no party is a citizen or subject of a foreign country, a plaintiff must demonstrate that the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity, meaning that all plaintiffs must be citizens of states diverse from those of all defendants." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). Complete diversity is defeated by JPMorgan Chase & Co.'s status as a Defendant. Plaintiff alleges that JPMorgan Chase & Co., like she, is a citizen of New York because it has its principal place of business there. ECF No. 7 ¶¶ 1, 8; *see* 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").[4]

---

[4] As mentioned above, Plaintiff has named herself as both the Plaintiff and a Defendant pursuant to some sort of unexplained sovereign citizen theory in which she is a "natural person" but also "an Individual, doing business in trust." ECF No. 7 ¶¶ 1, 6. If the Court were to credit Plaintiff's supposed status as a Defendant, it would raise an additional issue related to complete diversity and also an issue of misjoinder in violation of Rule 21. But the Court need not address these issues because Plaintiff's inclusion of JPMorgan Chase & Co. as a Defendant independently destroys complete diversity, and "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.

Plaintiff has also failed properly to allege the citizenship of Defendants JPMorgan Chase Bank National Association and U.S. Bank because "a national bank is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016). Plaintiff identifies these Defendants only by their principal place of business and the states whose law under which they are organized, which is irrelevant for jurisdictional purposes. ECF No. 7 ¶¶ 9–12. However, the Court need not determine the true states of citizenship of these Defendants because Defendant JPMorgan Chase & Co., which is not a national banking association, already defeats complete diversity on its own.

### III.   The Court Is Giving Plaintiff an Opportunity to Respond to the Deficiencies Identified in this Order

For the reasons explained above, Plaintiff's federal law claims lack merit, and the Court cannot exercise diversity jurisdiction over her state law claims. The Court is also not inclined to exercise supplemental jurisdiction over the state law claims following its anticipated dismissal of Plaintiff's federal law claims. But since Plaintiff is no longer applying for *in forma pauperis* status, the Court lacks the statutory authority to screen and dismiss her complaint as part of that application. *See* 28 U.S.C. § 1915(e)(2)(b)(ii) (requiring dismissal of complaints brought on *in forma pauperis* basis that "fail[] to state a claim"). That does not preclude dismissal of Plaintiff's claims because the Court still has the inherent power to dismiss frivolous claims even if a plaintiff has paid the filing fee. *See Jean-Baptiste*, 2023 WL 8015698, at *1 (affirming *sua sponte* dismissal of *pro se* complaint without prior notice to plaintiff). However, the Second Circuit has also warned that, "[i]n general, a district court's failure to provide an opportunity to be heard prior to a *sua sponte* dismissal . . . is, by itself, grounds for reversal." *Catzin*, 899 F.3d at 83.

The Court is therefore giving Plaintiff notice of the reasons it intends to dismiss her claims and an opportunity to argue why they should not be dismissed. Plaintiff shall file a submission no longer than 20 pages on or before December 28, 2023, explaining why her claims should not be dismissed for the reasons described in this order. If Plaintiff fails to file a response to this order by that date, or to submit a valid request for an extension of time before that date, then the Court will dismiss Plaintiff's federal law claims with prejudice and her state law claims without prejudice without providing her further notice or opportunity to be heard.

## CONCLUSION

For the reasons set forth above, Plaintiff is directed to file a submission no later than December 28, 2023, explaining why the federal law claims in Plaintiff's amended complaint should not be dismissed with prejudice and the state law claims should not be dismissed without prejudice. Although Plaintiff has paid the filing fee to initiate this action, since she previously sought *in forma pauperis* status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies Plaintiff *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Court's staff is mailing Plaintiff a copy of this order, along with copies of the unpublished decisions referenced in this order, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

SO ORDERED.

                                                 */s/ Hector Gonzalez*         .
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
        December 8, 2023