UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHAWNDETTA CORNETTA TAMOU MILLER,

        Plaintiff,

v.

SHAWNDETTA MILLER *et al.*,

        Defendants.

**MEMORANDUM & ORDER**
23-CV-06069 (HG) (TAM)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff filed the above-captioned complaint on August 28, 2023, ECF No. 1, and submitted the filing fee and an amended complaint on October 2, 2023, ECF No. 6; ECF No. 7. On December 8, 2023, the Court found that Plaintiff's claims failed to state a claim under federal law and directed Plaintiff to show cause why her claims should not be dismissed as frivolous. ECF No. 11. Plaintiff filed her Response on January 10, 2024. ECF No. 14. As the Response fails to address the deficiencies in the Amended Complaint, the action is hereby dismissed as frivolous.

    In its December 8, 2023, Order, the Court considered Plaintiff's claims under the Fair Debt Collection Practices Act, federal criminal mail and wire fraud statutes, 42 U.S.C. § 1983, and the Trust Indenture Act, and found that Plaintiff had failed to state a claim under any of these provisions. ECF No. 11 at 6–9.[1] The Court further found that it did not have diversity jurisdiction over Plaintiff's claims to quiet title and breach of contract pursuant to New York state law. *Id.* at 9–11. The Court also explained that it would not exercise supplemental

---

[1]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

jurisdiction over these state law claims following dismissal of the purported federal law claims. *Id.* at 9.

Because Plaintiff is proceeding *pro se*—that is, she is representing herself—the Court warned her of its intention to dismiss her claims as frivolous and gave her an opportunity to argue why they should not be dismissed. *See id.* at 11–12 (citing *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018)).

Plaintiff's Response does not address the deficiencies previously identified by the Court. Instead, Plaintiff advances additional frivolous arguments. First, Plaintiff asserts that "Plaintiff's *persona* (a derivative) SHAWNDETTA MILLER, 'SM', was noted by [the Court] to be a defendant" in the underlying state foreclosure action. ECF No. 14 at 3. She also claims that "Neither National nor any bank or financial institution loaned money to Plaintiff." *Id.* at 8. Plaintiff also attaches a "Business Certificate" that states that "MILLER SHAWNDETTA" is doing business under the name of "SHAWNDETTA MILLER." *Id.* at 11. It is unclear if Plaintiff now claims she is not the "SHAWNDETTA MILLER" named as the "mortgager/borrower" for the mortgage on the at-issue property or that what she borrowed from the financial institution to purchase that property was not "money." *See* ECF No. 1 at 29–30; *see also, e.g.*, ECF No. 14 at 2 (Plaintiff claims that "there exists no lawful money, at *par* value, in circulation, only legal tender, within the insolvent UNITED STATES"). In any case, to the extent that Plaintiff now claims that she is not responsible for obligations entered into by "SHAWNDETTA MILLER," the Court rejects these arguments as frivolous.

Next, Plaintiff claims that she "seeks equity for the investment contract judicially noticed by the Court," by which she appears to refer to the note secured by the mortgage on the at-issue property. ECF No. 14 at 5. Reading her pleading liberally, Plaintiff may be attempting to

2

respond to the Court's conclusion that the mere fact that her mortgage may have been securitized does not render her an investor within the scope of the Trust Indenture Act. *See* ECF No. 11 at 9. Having failed to address that issue, Plaintiff now asserts that her "Note, which is the only 'evidence' of debt, and Mortgage, are both securities." *Id.* at 8.[2] Unfortunately for Plaintiff, the Supreme Court has stated that a note secured by a residential mortgage is not a security so as to provide for liability under federal securities law. *See Reves v. Ernst & Young*, 494 U.S. 56, 65 (1990) (citing *Exch. Nat'l. Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1138 (2d Cir. 1976)).[3] In any case, "[w]ithout any specific factual allegations and without reference to any particular provision of securities law, [the Court] need not engage in rank speculation to manufacture a federal claim" for Plaintiff. *See O'Hara v. MortgageIT, Inc.*, No. 18-cv-01672, 2019 WL 4645986, at *4 (D. Conn. Sept. 24, 2019).

Relatedly, Plaintiff also claims to be "an undisclosed investor" in a "Real Estate Mortgage Investment Conduit" that she claims is linked to "Bear Stearns Asset Backed Securities I Trust 2007-HE2, Asset Backed-Certificates, Series 2007-HE2." ECF No. 14 at 5. However, she does not allege that she purchased any mortgage-backed securities, nor does she otherwise adequately allege that she has an actionable ownership interest in any of the various financial instruments she describes. Accordingly, Plaintiff's demands that Defendants "discharge this obligation by lawful private administration" and "fully render the securities accounts, return the securities, and discharge the public obligation" are frivolous. *Id.* at 5–6.

---

[2] Confusingly, despite appearing to try to hold at least some Defendants liable for violations of the federal securities laws in some way, Plaintiff also asserts that she herself is the "creator and owner of the invested security." ECF No. 14 at 7.

[3] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

## **CONCLUSION**

As Plaintiff's Response fails to meaningfully address the Court's prior Order finding that her federal claims lack merit, that the Court lacks diversity jurisdiction over her state claims, and that, in any case, the Court would not exercise supplemental jurisdiction over those state claims following dismissal of the federal claims, this action is dismissed as frivolous. Plaintiff's federal claims are dismissed with prejudice and her state law claims are dismissed without prejudice. Given the nature and presentation of Plaintiff's claims, the Court finds that further amendment would be futile. Accordingly, her request for leave to amend her Amended Complaint is denied. *Id.* at 8.

Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, denies Plaintiff *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment and to close this case. The Court's staff is mailing Plaintiff a copy of this Order, along with a copy of the unpublished decision referenced herein, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

SO ORDERED.

                                              */s/ Hector Gonzalez*
                                              HECTOR GONZALEZ
                                              United States District Judge

Dated: Brooklyn, New York
        April 12, 2024